# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS NUNO, | Case No. 1:18-cv-0263-DAD-SKO |
| Plaintiff, | **ORDER (1) DENYING PLAINTIFF'S "INFORMAL REQUEST" FOR DISCOVERY AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| JANAE REYES, et al., | |
| Defendants. | **30 DAY DEADLINE** |

## I.    BACKGROUND

Plaintiff, Luis Nuno, is a prisoner in the custody of the Kings County Jail in Hanford, California. On February 23, 2018, Plaintiff, proceeding *pro se*, filed a civil rights complaint against Defendants Janae Reyes, Martin Gutierrez, the City of Lemoore, and the Lemoore Police Department purporting to allege causes of action under 42 U.S.C. § 1983 ("Section 1983") for "unlawful arrest" in violation of the Fourth Amendment, "excessive force" in violation of the Eighth Amendment, apparently arising out of his arrest by Defendants. (Doc. 1 ("Compl.") at 3–5.) Plaintiff also purports to bring a claim for violation of the Fourteenth Amendment for the filing of a false police report. (*Id.* at 3, 5, 9.) Plaintiff seeks compensatory and future damages for injuries to his head he alleges he sustained during his arrest, as well as "justice" and "chance to give his side of all of this." Plaintiff also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which was granted on March 1, 2018. (Docs. 2 & 3.)

Plaintiff's Complaint is now before the Court for screening. Attached to Plaintiff's Complaint is a letter to the Court containing an "informal request" for "all video recordings, audio recordings, photos, and dispatch call" regarding Plaintiff's arrest, as well as "all training provided

to officers regarding arrest procedures, questioning and implementation of body worn camera." (Doc. 1 at 7–8.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Persons proceeding pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## III. DISCUSSION

### A. Plaintiff's "Informal Request" for Discovery

Plaintiff's "informal request" for video and audio recordings, photos, call dispatch logs, training materials, and other discovery is premature and will be denied without prejudice. If the

Court ultimately finds that Plaintiff has stated cognizable claims on which he may proceed, the parties may undertake discovery relevant to those claim(s).

**B.    Plaintiff's Allegations**

Plaintiff alleges that on May 15, 2017, Defendant Reyes, an officer with the Lemoore Police Department, "park[ed] her marked patrol vehicle behind Plaintiff" and "demand[ed] him to stop without even asking" whether Plaintiff had been drinking. (Compl. at 4.) Officer Reyes thereafter placed Plaintiff under arrest "by means of an excessive use of force" that led to Plaintiff "having a concussion, a scratched face, and an injury in the head that required professional medical treatment." (*Id.*) Plaintiff alleges that "there was no plausible basis for the belief that this degree of force was necessary" because "Plaintiff's back was facing Officer Reyes and [Plaintiff] didn't pose a threat towards" her. (*Id.*)

Plaintiff alleges that Officer Reyes "lacked probable cause to arrest [him] under Penal Code §§ 647(f) and 602(m) because Plaintiff wasn't trespassing any property or conducting himself in a disorderly manner while in the presence of Officer Reyes," and that he "never refused to leave the alleged trespass property when asked and . . . left his own property after he was threatened in order to avoid any future conflict." (Compl. at 3.) He contends that after he was arrested, he "made statements and comments that were left out from the police report in order to incriminate him and make [him] look like a bad individual." (*Id.* at 5.) Plaintiff claims that Officer Reyes "turned her body worn camera off" and withheld video footage that led to the filing of a false police report. (*Id.* at 3, 5.) According to Plaintiff, Officer Reyes, Defendant Martin Gutierrez, another officer with the Lemoore Police Department, and "Hanford courthouse officials"[1] violated the Fourteenth Amendment by denying him "the equal protection of the laws." (*Id.*)

---

[1] "Hanford courthouse officials" are not named as defendants in Plaintiff's Complaint. Even if they were, however, they would, based on Plaintiff's allegations, be immune from suit under Section 1983. *See Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1159 (9th Cir. 1987) ("[O]fficers of the court . . . have absolute immunity in the performance of duties authorized by [ ] statute."). *See also Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir.1986) (clerk of the United States Supreme Court immune from suit); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"); *Hilska v. Suter*, 308 Fed. Appx. 451, 452 (D.C. Cir. 2009) (per curiam) ("[C]lerks enjoy absolute immunity from damages for performance of tasks that are an integral part of the judicial process").

**C.     Plaintiff's Claims for False Arrest, Excessive Force, and Filing a False Police Report May Be Barred By *Heck v. Humphrey*.**

The gravamen of Plaintiff's Complaint is that Officer Reyes arrested him without probable cause and used excessive force during the course of that arrest in violation of Section 1983. (*See id.* at 10.) Plaintiff also apparently claims that Officers Reyes and Gutierrez withheld evidence and falsified the report of the arrest. (*See id.*)

### 1.     Fourth Amendment—False Arrest

The Fourth Amendment prohibits arrests without probable cause or other justification, and provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized." U.S. Constitution, amend. IV.  A claim for unlawful arrest is cognizable when the arrest is alleged to have been made without probable cause. *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023 (9th Cir. 2009) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).

Here, Plaintiff's allegations that he "wasn't trespassing any property or conducting himself in a disorderly manner," that he "never refused to leave the alleged trespassed property when asked," and that he "left his own property after he was threatened in order to avoid any future conflict" may state a cognizable claim against Officer Reyes for arresting him without probable cause.  However, as discussed more fully below, this claim is likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), although the Court is unable to make that determination at this time in view of Plaintiff's pending criminal proceeding in state court.

### 2.     Fourth Amendment—Excessive Force

The use of excessive force by law enforcement officers in effectuating an arrest states a valid claim under Section 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir.

4

1986). Excessive force claims that arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard.[2] *See Graham v. Connor*, 490 U.S. 386, 394–95 (1989). The reasonableness inquiry in excessive force cases is an objective one, the question being whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation, and without the "20/20 vision of hindsight." *See id.* at 396–97.

Here, Plaintiff has failed to allege facts to support the use of excessive force by Officer Reyes. Although Plaintiff claims he suffered injuries to his face and head, he does not identify what acts Officer Reyes took while placing Plaintiff under arrest that allegedly caused his injuries. Even if Plaintiff had alleged sufficient facts to state a claim, however, this claim may ultimately be barred under *Heck*, as discussed more fully below.

**3. Fourteenth Amendment—Filing False Police Report**

Plaintiff appears to allege that Officers Reyes and Gutierrez violated his equal protection rights under the Fourteenth Amendment by filing a false police report. (Compl. at 3, 5.) "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To state an equal protection claim under section 1983, a plaintiff must typically allege that "'defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, where the claim is not that the discriminatory action is related to membership in an identifiable group, a plaintiff can establish an equal protection "class of one" claim by alleging

---

[2] Plaintiff alleges his claim under Section 1983 for excessive force in violation of the Eighth Amendment. The Eighth Amendment, however, prohibits excessive bail, fines or cruel and unusual punishment. Such protections were designed to protect those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535, n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (The Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident. Because Plaintiff was not a convicted prisoner at the time, the Fourth Amendment rather than the Eighth Amendment protects Plaintiff from the use of excessive force. *See Graham*, 490 U.S. at 393 & n.6 (Fourth and Eighth Amendment "primary sources of constitutional protection against physically abusive governmental conduct"; where excessive force claim arises in the context of effecting arrest it is properly characterized as invoking the protections of the Fourth Amendment); *Reed v. Hoyt*, 909 F.2d 324, 329 (9th Cir.1989), *cert. denied*, 501 U.S. 1250 (1991) ("[E]xcessive force claims arising before or during arrest are to be analyzed exclusively under the fourth amendment's reasonableness standard rather than the due process standard . . . .").

that he as an individual "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment" in the departure from some norm or common practice. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). However, allegations that defendants have merely done some harmful act against the plaintiff, without more, fail to state an equal protection "class of one" claim. *See Nails v. Haid*, No. SACV 12–0439 GW (SS), 2013 WL 5230689, at *3–5 (C.D. Cal. Sept. 17, 2013) (citing *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1990); *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012) ("[T]he purpose of entertaining a 'class of one' equal protection claim is not to constitutionalize all tort law . . . .") (internal quotation marks omitted)).

Here, Plaintiff does not allege that Officers Reyes and/or Gutierrez filed a police report because of Plaintiff's membership in an identifiable group or that they treated him differently than other specifically-identified similarly situated people with no rational basis. Indeed, it is unclear whether Plaintiff is basing his equal protection claim on his membership in an identifiable class—as he fails to identify the particular class to which he belongs—or as a "class of one." Plaintiff's allegations, as currently pleaded, therefore fail to state claim. However, as with his other claims, even if Plaintiff had alleged sufficient facts to state a claim for violation of the Fourteenth Amendment, it may, as set forth below, ultimately be barred under *Heck*.

**4.** *Heck*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. Absent an intervening decision that renders a conviction ineffectual, *Heck* requires courts to dismiss a Section 1983 action if "a judgment in favor of the plaintiff would *necessarily imply the invalidity of his conviction or sentence*." *Id.* (emphasis added).

//

The United States Supreme Court has held that *Heck* "is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007). *Heck* does not require dismissal of claims that would "impugn an anticipated future conviction." *Id.*; *see also Hopkins v. Contra Costa Cty. Sheriff Dep't*, No. C 12–0415 LHK (PR), 2012 WL 2063112, at *2 (N.D. Cal. June 7, 2012) ("*Heck* does not apply if plaintiff has only been arrested or charged, not convicted."). The *Wallace* court held that such a rule would require "the plaintiff (and if he brings suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict . . . all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Wallace*, 549 U.S. at 393.

However, the *Wallace* court also held that "[i]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–94. *See also Peyton v. Burdick*, 358 F. App'x 961 (9th Cir. 2009) (staying case where the Section 1983 claims "implicate rulings that are likely to be made in the pending state court criminal proceeding"). Because the question of whether a Section 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, or if the plaintiff is alleging false arrest or a similar claim, a stay may be appropriate until such time as the underlying criminal proceedings are concluded, at which time the court would be in a better position to evaluate whether the Section 1983 action would impugn any conviction resulting therefrom. *See Wallace*, 549 U.S. at 393–94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 393 (citation omitted).

Here, Plaintiff claims that he was "booked into jail" on May 15, 2017, for violation of California Penal Code sections 3056 (parole violation), 245(a)(1) (assault with a deadly weapon),

7

243(b) (misdemeanor battery against a peace officers), 148(a)(1) (resisting, delaying, or obstructing a peace officer), and 647(f) (disorderly conduct involving being under the influence of intoxicating liquor or drug). (*See* Doc. 1 at 9.) According to Plaintiff, on May 17, 2017, a complaint was filed by the Kings County District Attorney charging Plaintiff with violation of California Penal Code sections 245 (assault with a deadly weapon), 243(c)(2) (felony battery on Officer Reyes), 69 (deterring or preventing an executive officers from performing their duty by means of threat or violence), 243(b) (misdemeanor battery on Officer Reyes), and 602(m) (misdemeanor trespass). (*Id.* at 10.) Review of the Kings County Superior Court docket reveals that Plaintiff has upcoming hearings scheduled and the matter has not yet been set for trial.[3]

Because a determination in this proceeding as to Plaintiff's claims of false arrest, excessive force[4], and filing of a false police report could invalidate the ongoing criminal proceedings, or at the very least, would be "related to rulings that will likely be made in a pending or anticipated criminal trial," *Wallace*, 549 U.S. at 393, the Court here is not permitted to proceed. *See, e.g., Martinez v. Cty. of Santa Clara*, No. 16-CV-05626-LHK, 2017 WL 2180985, at *3–4 (N.D. Cal. May 18, 2017) (granting stay of action alleging excessive force claims where the allegations in the civil action "ar[o]se from the same series of events and involve[d] overlapping issues of fact" as the plaintiff's felony criminal complaint); *Monday v. McDonnell*, No. CV 15–3514 PA (JEMx), 2015 WL 3970341, at *3 (C.D. Cal. June 30, 2015) (granting stay where "[t]he criminal charges *may* [ ] be relevant to the resolution of the Complaint's excessive force claim" (emphasis added)); *Burns v. Hinkle*, No. 1:12–cv–01564 LJO JLT (PC), 2012 WL 4919792, at *3 (E.D. Cal. Oct. 15, 2012) (granting the plaintiff leave to amend to state a cognizable false arrest claim but giving him

---

[3] The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal–Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir.1987); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th. Cir. 1980).

[4] It is possible that even if Plaintiff is eventually convicted, Plaintiff's claims will not be barred under *Heck* in its entirety to the extent the facts underlying the conviction and the civil claims do not overlap. S*ee Hooper v. Cty. of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (finding excessive force claims not barred by *Heck* "when the conviction and the [Section] 1983 claim are based on different actions during 'one continuous transaction.'"). However, the extent of that overlap and the scope of the *Heck* bar can only be determined after a conviction occurs. *See Hopkins*, 2012 WL 2063112 at *2 ("In cases such as this one, where there is no extant conviction, it is appropriate to follow the [United States] Supreme Court's suggestion and stay the case.").

1 the election to either request a stay of the action or refile it after the criminal proceedings are completed). *Cf. Berger v. Brandon,* No. 2:08-cv-01688-GEB-EFB, 2008 WL 5101338, at *2 (E.D. Cal. Dec. 3, 2008) ("*Heck* bars Plaintiff's retaliation claims that the Officer Defendants stopped him without probable cause, filed a false police report and gave false testimony, since granting this relief would necessarily imply the invalidity of his conviction."); *Dobshinsky v. Piccinini*, No. C 06-4193 MHP (pr), 2006 WL 3784624, at *2 (N.D. Cal. Dec.21, 2006) ("Here, any claim that the police officer falsified the report . . . cannot be pursued in this action because, if successful, would call into question the validity of [plaintiff's] conviction.). Thus, Plaintiff may not pursue these claims at this time. Instead, he may, in conjunction with filing an amended complaint, ask this Court to stay the action until his criminal proceedings are terminated, or he may choose to refile this action after the criminal proceedings are completed, if appropriate. *See, e.g.*, *Burns*, 2012 WL 4919792, at *3. *See also Gripp v. Cty. of Siskiyou*, No. 2:14–cv–2128–CMK, 2014 WL 7335674, at *8 (E.D. Cal. Dec. 19, 2014) ("[T]he undersigned finds that until such time as plaintiff's conviction is either overturned or otherwise invalidated, this claim [for excessive force] is barred by *Heck* and should be dismissed. However, as the appeal is still pending which may have a definitive impact on this issue, if plaintiff files an amended complaint to include this claim, it may be more appropriate to stay this action instead of dismissing this claim outright. Plaintiff may make such a request in any amended complaint he may file.").

**D.  Lemoore Police Department Is Not A Proper Party Under Section 1983.**

While Section 1983 is not itself a source of substantive rights, it provides a cause of action against any person who, under color of law, deprives an individual of federal constitutional rights or limited federal statutory rights. *See* 42 U.S.C. § 1983; *Graham*, 490 U.S. at 393–94. The Lemoore Police Department is a municipal ***department*** of the City of Lemoore and is therefore not considered a "person" within the meaning of Section 1983. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983). *See also, e.g.*, *Pellum v. Fresno Police Dep't*, No. 1:10–cv–01258–OWW–SKO, 2011 WL 350155, at *2 (E.D. Cal. Feb. 2, 2011) ("The Fresno Police Department is not a proper defendant under

Section 1983"). Thus, Plaintiff's claim against the Lemoore Police Department is not cognizable under Section 1983.

### E. Plaintiff's Allegations are Insufficient to State a Claim for Relief Against the City of Lemoore.

Plaintiff names the City of Lemoore as a defendant. There is no respondeat superior liability under Section 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against the City of Lemoore merely because that entity employed the alleged wrongdoer, as Plaintiff appears to plead. Instead, local governments, such as the City of Lemoore, are "persons" subject to liability under Section 1983 only where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). A local governmental entity may also "be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 123 (1992). "In particular . . . the inadequate training of police officers could be characterized as the cause of the constitutional tort if—and only if—the failure to train amounted to 'deliberate indifference' to the rights of persons with whom the police come into contact." *Id.* (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Here, Plaintiff's Complaint is devoid of any allegations relating to any alleged wrongdoing by the City of Lemoore. To the extent that Plaintiff contends that it was the City of Lemoore's failure to train its police officers that resulted in his injuries, such conclusory allegations and recitation of elements are not sufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to plead any factual allegations whatsoever as to any policy or custom of the City of Lemoore with regard to training or lack thereof. Therefore, Plaintiff fails to state a claim for liability under Section 1983 against the City of Lemoore.

Leave to amend is granted so that Plaintiff may attempt to allege a *Monell* claim against the City of Lemoore, keeping in mind that such claim may be potentially barred by *Heck*, above.

10

Plaintiff must be careful to allege the specific policy, custom or practices that he contends give rise to liability.

### IV. CONCLUSION AND ORDER

At this juncture, the Court cannot determine whether Plaintiff's Complaint states a cognizable § 1983 claim(s) and, even if so, whether such claim(s) is barred by *Heck*. As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ .P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's "informal request" for "all video recordings, audio recordings, photos, and dispatch call" regarding Plaintiff's arrest, as well as "all training provided to officers regarding arrest procedures, questioning and implementation of body worn camera" (Doc. 1 at 7–8) is DENIED without prejudice;

2. Plaintiff's Complaint is dismissed for failure to state a cognizable federal claim;

3. Within thirty (30) days from the date of service of this order, Plaintiff may file an amended complaint; and

//

//

11

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed.**

IT IS SO ORDERED.

Dated: __**April 16, 2018**__                 /s/ *Sheila K. Oberto*     
                                                      UNITED STATES MAGISTRATE JUDGE